HENRY L. HERBERT, appellant,

*v.*

JOHN W. HERBERT, respondent.*

DIXON, J. (dissenting).

It is unnecessary for me to discuss the evidence in this case. I need only say that, in my judgment, it does not prove any fraudulent conduct on the part of the plaintiff in the attachment suit; it only shows that, in order to collect a debt, which the defendant in attachment did not pretend to have paid, but against which he perhaps (not certainly, but perhaps) had a legal defence upon the statute of limitations, the plaintiff chose to sue by foreign attachment when the defendant was not resident in the state, instead of suing him by summons when he

* Note.—The foregoing dissenting opinion was not filed in season to be reported with the case; the opinion of the court will be found in *4 Dick. Ch. Rep. 565.*

might have been found in the state, and that the plaintiff made this choice because he thought it most advantageous to himself. Both modes of suit being provided by law, the selection of either from motives of self-interest cannot be deemed inequitable in a technical sense.

I therefore think there is no ground for the interposition of a court of equity, unless it be merely to restrain the plaintiff in attachment from aliening the land which he purchased at the sale under his execution, until the defendant has an opportunity to apply to the supreme court, whence the attachment issued, to open its judgment and let him in to defend; and if such an application be successfully made, then the court of equity may set aside the sale. But the only grounds which are disclosed as the basis for an application of that nature are clearly cognizable in a law court, and the merits of those grounds are exclusively for the court in which the judgment was rendered.

The decree appealed from, which passes upon the merits and directs a reconveyance of the land, should be reversed.